1  MELINDA S. RIECHERT, State Bar No. 065504
   KATHRYN M. DANCISAK, State Bar No. 259392
2  MORGAN, LEWIS & BOCKIUS LLP
   2 Palo Alto Square                          **E-Filed 8/25/2010**
3  3000 El Camino Real, Suite 700
   Palo Alto, CA 94306-2122
4  Telephone: 650.843.4000
   Facsimile: 650.843.4001
5  E-mail: mriechert@morganlewis.com;
           kdancisak@morganlewis.com
6
   Attorneys for Defendant and Counter Claimant
7  LOCKHEED MARTIN CORPORATION

8  PHILLIP J. GRIEGO, State Bar No. 76616
   RUTGER J. HEYMANN, State Bar No. 212549
9  PHILLIP J. GRIEGO & ASSOCIATES
   95 S. Market Street, Suite 520
10 San Jose, CA 95113
   Telephone: 408.293.6341
11 Facsimile: 408.293.1959
   Email:phil@griegolaw.com;
12       rheymann@griegolaw.com

13 JAMES H. SHOEMAKER, JR. (*Admitted Pro Hac Vice*)
   PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
14 12350 Jefferson Avenue, Suite 300
   Newport News, VA 23602
15 Telephone: 757.223.4580
   Facsimile: 757.223.4518
16 Email: Jshoemaker@pwhd.com

17 Attorneys for Plaintiff and Counter Defendant
   RONALD M. NAKAMOTO
18
19              UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA
20
   RONALD M. NAKAMOTO,              Case No. 5:09-CV-05193 JF
21
                 Plaintiff and Counter   **FURTHER JOINT CASE MANAGEMENT**
22               Defendant,              **STATEMENT AND STIPULATION AND**
                                         **[PROPOSED] ORDER TO CONTINUE**
23          vs.                          **FURTHER CASE MANAGEMENT**
                                         **CONFERENCE**
24 LOCKHEED MARTIN CORPORATION,
                                         Date:       August 27, 2010
25               Defendant and          Time:       10:30 a.m.
                 Counter Claimant.      Judge:      Hon. Jeremy Fogel
26                                       Location:   Courtroom 3, 5th floor
27                                       Complaint filed:   November 3, 2009
                                         Trial date:        Not set
28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
  PALO ALTO

Plaintiff and Counter Defendant Ronald M. Nakamoto ("Plaintiff" or "Nakamoto") and Defendant and Counter Claimant Lockheed Martin Corporation ("Defendant" or "Lockheed") (collectively, "the Parties"), by and through their undersigned counsel, jointly submit this Further Joint Case Management Statement in anticipation of the Case Management Conference scheduled for August 27, 2010 at 10:30 a.m., in Courtroom 3 before the Honorable Jeremy Fogel.

In light of the upcoming mediation, which is set for September 13, 2010, the Parties request that the further Case Management Conference be rescheduled for a date occurring after the mediation.

## 1.   **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over all of Plaintiff's claims. The Court has jurisdiction over Plaintiff's 42 U.S.C. Section 1981 claims based on federal question pursuant to 28 U.S.C. Section 1441(b). The Court has supplemental jurisdiction of the remainder of Plaintiff's claims. There are no issues regarding personal jurisdiction or venue, and all parties have been served with process.

This Court has subject matter jurisdiction over Defendant's counterclaims. The Court has jurisdiction over Defendant's 18 U.S.C. Section 1030 *et seq.* claims based on federal question pursuant to 28 U.S.C. Section 1441(b). The Court has supplemental jurisdiction of the remainder of Defendant's counterclaims. There are no issues regarding personal jurisdiction or venue, and all parties have been served with process.

## 2.   **FACTS**

### A.   **Plaintiff's Description of the Case**

Plaintiff began working for Lockheed in 1985. Nakamoto excelled in his various positions with Lockheed over the years and rose to lead six business units within the company ranging in size from $100 million to $1.5 billion in annual revenues. Nakamoto was demoted because of his race in late 2007. Before October 27, 2007, and thereafter, Nakamoto complained of a discriminatory demotion and retaliation based upon his race to his Lockheed superiors. After complaining about it, Nakamoto immediately met with significant acts of retaliation and general animosity from his superiors within Lockheed. In March of 2008, Nakamoto retained counsel

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2                    1                    FURTHER JOINT CASE MANAGEMENT
STATEMENT (CASE NO. 5:09-CV-05193 JF)

1    who submitted correspondence to Lockheed further alleging that his demotion and subsequent

2    acts taken against him had been the result of race discrimination and retaliation.  This caused a

3    great level of additional enmity and significant retaliatory animus to be directed toward

4    Nakamoto by his Lockheed superiors.  Nakamoto's position within Lockheed became intolerable

5    and he was wrongfully terminated from his employment in 2009.  As a result of his termination,

6    he has suffered significant pecuniary and non-pecuniary damages as well as costs and attorney's

7    fees.

8    **B.     Defendant's Description of the Case**

9        Plaintiff began working for Lockheed in 1985.  On October 27, 2008, Lockheed and

10   Plaintiff entered into an agreement that provided Plaintiff with various payments and benefits,

11   including a new position at Lockheed with a salary increase, in exchange for a release of claims

12   by Plaintiff.  Plaintiff resigned from this new position in February 2009.  When he was unable to

13   find another position within the company, his employment was terminated on June 30, 2009.

14       When Plaintiff returned the Lockheed laptop computer he did not return the hard drive

15   that originally accompanied the laptop computer.  Instead, Plaintiff returned a brand new hard

16   drive.  At no point did Lockheed authorize or give consent to Plaintiff to replace his company-

17   issued hard drive, which contained company confidential information and trade secrets, with a

18   new hard drive.

19       Plaintiff provided the original company-issued hard drive to third parties, including his

20   attorney James Shoemaker and IT experts, for the purpose of allowing them to review the

21   information stored on it, including Lockheed company confidential information and trade secrets.

22   This was done by Plaintiff without Lockheed's consent or authorization.  Plaintiff eventually

23   returned to Lockheed the company-issued hard drive.  Lockheed discovered that files, including

24   all emails, had been deleted from his company-issued hard drive.

25       The release agreement Plaintiff signed on October 27, 2008 bars all of Plaintiff's claims

26   that arose prior to that date.  This Court granted Defendant's motion for summary adjudication

27   and motion to strike Plaintiff's claims based on events occurring prior to the execution of the

28   release agreement.  Plaintiff's claims based on events occurring after the execution of the release

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2

2

FURTHER JOINT CASE MANAGEMENT
STATEMENT (CASE NO. 5:09-CV-05193 JF)

1  agreement are meritless. Lockheed found Plaintiff another job after the execution of the release

2  agreement, he accepted it, and then resigned a few months later. Lockheed again gave him

3  several months to find another job, and when he was unable to do so, his employment was

4  terminated.

5  **3.    LEGAL ISSUES**

6      1.  Whether Defendant discriminated against Plaintiff on the basis of his race;

7      2.  Whether Defendant retaliated against Plaintiff for his alleged complaints of

8          discrimination;

9      3.  Whether Defendant constructively terminated Plaintiff's employment;

10     4.  Whether there existed a contract between Plaintiff and Defendant entitling Plaintiff

11         to continued employment and, if any, whether Defendant breached obligations

12         under that contract;

13     5.  Whether Plaintiff engaged in spoliation of evidence;

14     6.  Whether Plaintiff violated California's Penal Code and the Computer Fraud and

15         Abuse Act by destroying the information on Plaintiff's hard drive;

16     7.  Whether Plaintiff converted Defendant's property;

17     8.  The nature and extent of damages Plaintiff may recover, if any;

18     9.  The nature and extent of damages that Defendant may recover; if any; and

19     10. Whether Plaintiff mitigated his damages.

20     11. Plaintiff contends that the "legal issues" asserted by the Defendant at paragraph 3

21         (items 6 and 7) are not asserted in good faith and are without foundation.

22  **4.    MOTIONS**

23  **A.      Prior and Pending Motions**

24  On June 8, 2010, this Court granted Defendant's Motion for Summary Adjudication and

25  Motion to Strike.

26  **B.      Plaintiff's Anticipated Motions**

27  Plaintiff anticipates a Motion in Limine prior to trial.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2

FURTHER JOINT CASE MANAGEMENT
STATEMENT (CASE NO. 5:09-CV-05193 JF)

**C.     Defendant's Anticipated Motions**

Defendant anticipates filing a motion for summary judgment and, if necessary, motions in limine prior to trial.

**5.     AMENDMENT OF PLEADINGS**

**A.     Plaintiff's Anticipated Amendments**

Plaintiff does not currently anticipate amendments to his pleadings.

**B.     Defendant's Anticipated Amendments**

Portions of Plaintiff's Complaint have been stricken as a result of this Court granting Defendant's motion to strike.  In addition, Defendant has filed a Counterclaim against Plaintiff in this action.

**6.     EVIDENCE PRESERVATION**

**A.     Plaintiff's Actions**

Plaintiff has been instructed to preserve all evidence reasonably relevant to this action.

**B.     Defendant's Actions**

Defendant has identified individuals likely to possess evidence reasonably relevant to the issues of this action and has distributed a directive to these individuals to retain such evidence.

**7.     DISCLOSURES**

The parties have exchanged the requisite initial disclosures under Federal Rule of Civil Procedure 26(a).

**8.     DISCOVERY**

**A.     Plaintiff's Discovery**

No formal discovery has been taken to date.

**B.     Defendant's Discovery**

Defendant has propounded a Request for Production of Documents, Set One to Plaintiff, who has produced documents to Defendant.  Defendant has taken Plaintiff's deposition and may resume the deposition after Plaintiff produces documents that have not yet been produced but were requested.  Defendant anticipates the need for a protective order for confidential documents to be disclosed in connection with discovery.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2                4            FURTHER JOINT CASE MANAGEMENT
STATEMENT (CASE NO. 5:09-CV-05193 JF)

1  **C.**   **Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)**

2     **1.**   **Rule 26(f)(3)(A):  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

3

4

5     The parties have exchanged the requisite initial disclosures under Federal Rule of Civil

6  Procedure 26(a).

7     **2.**   **Rule 26(f)(3)(B):  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

8

9        a.   Plaintiff's Position

10    Plaintiff intends to introduce expert testimony that Asian-Americans are promoted at a

11  statistically significant lower rate than non-Asians.  As a result, discovery concerning

12  demographic, educational, promotion and pay information will be required from Lockheed

13  personnel records.  Discovery will also be needed regarding communications between

14  Nakamoto's superiors during the relevant time period, Nakamoto's past performance, and the

15  treatment and promotions of employees similarly situated to Nakamoto.  Discovery will be

16  needed as to the benefits, terms and conditions of Nakamoto's employment, and those of

17  similarly situated employees.  Discovery will further be required as to the positions into which

18  Nakamoto was placed after his complaints of discrimination, the terms and conditions of those

19  positions, and communications to and about Nakamoto during the relevant time period.

20        b.   Defendant's Position

21    Defendant seeks to limit discovery to exclude issues related to all of Plaintiff's claims and

22  associated allegations that this Court has summarily adjudicated in connection with its ruling on

23  Defendant's Motion to Dismiss/Motion for Summary Adjudication.

24    Defendant proposes that the parties postpone expert disclosures until completion of the

25  hearing on Defendant's Motion for Summary Judgment.

26     **3.**   **Rule 26(f)(3)(C):  Any issues relating to disclosures or discovery of electronically stored information, including the form or forms in which it should be produced.**

27

28    The parties do not anticipate any issues relating to disclosure or discovery of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2

5

1    electronically stored information.  They agree to address any such issues in the event they arise.

2        **4.    Rule 26(f)(4)(D):  Any issues relating to claims of privilege or of**
3            **protection as to trial-preparation material, including – if the parties**
             **agree on a procedure to assert such claims after production – whether**
4            **to ask the court to include their agreement in an order.**

5        The Plaintiff anticipates needing personnel information referenced above that is likely

6    stored electronically.  The parties agree to address these issues as they arise.

7        **5.    Rule 26(f)(5)(E):  What changes should be made in the limitations on**
             **discovery imposed under the Federal Rules of Civil Procedure or the**
8            **Local Rules, and what other limitations should be imposed.**

9            a.    Plaintiff's Position

10   Plaintiff does not currently anticipate needing any such changes.

11           b.    Defendant's Position

12       As noted in Paragraph 8.C.2.B. above, Defendant seeks to limit discovery to exclude

13   issues related to all of Plaintiff's claims and associated allegations this Court has summarily

14   adjudicated in connection with its ruling on the Motion to Dismiss/Motion for Summary

15   Adjudication.

16       **6.    Rule 26(f)(6)(F):  Any other orders that should be entered by the court**
             **under Rule 26(c) or under Rule 16(b) and (c).**
17

18       The parties do not request any other orders that should be entered by the Court under Rule

19   26(c), Rule 16(b), or Rule 16(c) at this time.

20   **9.    CLASS ACTIONS**

21       This case is not a class action.

22   **10.    RELATED CASES**

23       There are no related cases.

24   **11.    RELIEF**

25       **A.    Plaintiff's Position**

26       The Plaintiff asserts that he has suffered economic damages of lost pay, lost benefits, lost

27   stock options and lost value of career in excess of $5 million.  In addition, Plaintiff asserts that he

28   is entitled to all costs and attorneys fees associated with prosecuting this action as well as an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2                    6                    FURTHER JOINT CASE MANAGEMENT
                                                       STATEMENT (CASE NO. 5:09-CV-05193 JF)

1    award of punitive damages to prevent such conduct in future.

2        **B.**     **Defendant's Position**

3        Defendant denies that Plaintiff is entitled to recover damages.  If the Court finds

4    otherwise, such amount should be less the amounts Plaintiff has received or could reasonably

5    have received in compensation following Plaintiff's resignation.  Defendant seeks damages for

6    the destruction of the information on Plaintiff's hard drive.

7    **12.    SETTLEMENT AND ADR**

8        The parties have agreed to engage in mediation on September 13, 2010 with mediator

9    Greta Schnetzler.  The parties are ordered to engage in mediation on or before October 11, 2010.

10   **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

11       One or more parties decline to consent to the assignment of this case to a United States

12   Magistrate Judge.

13   **14.    OTHER REFERENCES**

14       The parties do not believe that this case is suitable for reference to binding arbitration, a

15   special matter, or the Judicial Panel on Multi-District Litigation.

16   **15.    NARROWING OF ISSUES**

17       At this time, there are no dispositive or partially dispositive issues appropriate for decision

18   by motion or by agreement.

19   **16.    EXPEDITED SCHEDULE**

20       This is not the type of case that can be handled on an expedited basis with streamlined

21   procedures.

22   **17.    SCHEDULING**

23       The parties agree to the following proposed schedule:

24       (a)    Non-expert discovery to be completed 180 days before trial.

25       (b)    Dispositive motions to be heard 120 days before trial.

26       (c)    Expert discovery to be completed 60 days after dispositive motions heard/60 days

27   before trial.

28       (d)    Pretrial conference to be held 30 days before trial.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2                               7                    FURTHER JOINT CASE MANAGEMENT
                                                                 STATEMENT (CASE NO. 5:09-CV-05193 JF)

1    (e)    Trial to be held no earlier than May 2011.

2    Defendant requests that the Court set expert-related deadlines after the time at which

3    dispositive motions would be decided, so the parties can avoid the expense of experts if the case

4    is disposed of via motion practice.

5    **18.    TRIAL**

6    **A.    Plaintiff's Position**

7    Plaintiff estimates a 5-7 day jury trial.

8    **B.    Defendant's Position**

9    Defendant estimates a 5-7 day jury trial.

10    The parties propose scheduling the trial no earlier than May 2011.

11    **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

12    **A.    Plaintiff's Disclosure**

13    No parties, other than the Plaintiff, and other than those identified by the Defendant, are

14    known to have a financial interest in the subject matter in controversy or an interest that could be

15    substantially effected by the outcome of the above-captioned lawsuit.

16    **B.    Defendant's Disclosure**

17    Defendant has filed a Certification of Interested Entities or Persons required by Civil

18    Local Rule 3-16 (*See* ECF 27).  The Certification specifies that, the following listed persons,

19    associations of persons, firms, partnerships, corporations (including parent corporations) or other

20    entities, other than the parties herein, are known to have a financial interest in the subject matter

21    in controversy or in a party to the proceeding, or to have an interest that could be substantially

22    affected by the outcome of the above-captioned lawsuit:

23    State Street Corporation:  a publicly held corporation owning more than 10% of

24    Lockheed's stock.

25    **20.    OTHER MATTERS**

26    The parties are not aware of any other matters at this time conducive to the just, speedy,

27    and inexpensive resolution of this matter.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21872868.2

8

FURTHER JOINT CASE MANAGEMENT
STATEMENT (CASE NO. 5:09-CV-05193 JF)

1  Dated: August 20, 2010                MORGAN, LEWIS & BOCKIUS LLP

2

3                                        By _____/s/_____
                                            Melinda S. Riechert
4                                           Attorneys for Defendant
                                            LOCKHEED MARTIN CORPORATION
5
   Dated: August 20, 2010                PATTEN, WORNOM, HATTEN &
6                                        DIAMONSTEIN, L.C.

7

8                                        By _____/s/_____
                                            James H. Shoemaker, Jr.
9                                           Attorneys for Plaintiff
                                            RONALD M. NAKAMOTO
10

11

12                              **ORDER**

13        In light of the foregoing STIPULATION of the Parties and good cause appearing, the

14  Court ORDERS the following revised deadline in this case:

15        Further Case Management Conference:      10/15/2010

16

17  Dated: August __25__, 2010            _____

18                                        Hon. Jeremy Fogel
                                          United States District Court Judge
19

20

21

22

23

24

25

26

27

28